The Chief Justice
delivered The opinion.
This was a warrant sued out from a justice of the peace, by the appellee against the appellant, for the forcible entry and detainer of a house.
The jury having found the appellant guilty of the forcible entry and detainer, be traversed the inquest, and took the case to the circuit court. On the trial of the traverse, it appeared that the house in controversy had been built by Walter Alves, and occasionally used by him as a summer retreat from the river, by the permission of gen. S Hopkins: That in February, 181b, Alves took possession of *111 the house as the agent of the appellee, and placed some of his slaves there: That at the time he did so, the doors of the house were down, except one, which was standing open, and no property or person in it; and that the slaves of Al-ves continued to occupy the house until the 5th of April, 1819, when they were turned out by the appellee, who addressed a letter to Alves, informing him he had done so. To the reading that letter the appellant objected; but the court overruled the objection, and permitted it to go in evidence, to which the appellant excepted.
The appellant then proved, that in November, 1818, he had taken possession of the house, nailed up some of the doors and barred the others, but left no property in the house, and had ^io part of the land in cultivation; and to shew the extent of his possession, he read in evidence the deed under which he claims.
On this evidence the jury found a verdict for the appel-lee, and the appellant moved the court for a new trial, because the verdict was contrary to law and evidence, and because tha court misdirected the jury in instructing them that if they believed the evidence, that the appellant was not in possession when Alves took possession for the appeb lee, inasmuch as the nailing up the doors of the house without leaving something in it, or on the premisses, would not preserve the possession. The court overruled the motion, and gave judgment for the appellee; from which the appellant prosecutes this appeal.
The errors assigned, question the decisions of the circuit Court, 1st, In permitting the letter from the appellant to Alves to he read in evidence; 2dly, In overruling the motion for a new trial.
We can perceive no rational ground of objection te the admissibility of the letter. It was proven to be in the hand writing af the appellant; and it certainly conduced to establish the forcible entry with which he was charged. Its purport indeed was, that the appellant had turned Alves’ slaves out of possession; but as Alves was proven to have taken the possession as the agent of the appellee, the letter, taken in connection with the other evidence, proved the entry by the appellant to have been upon the possession of the appellee, and not that of Alves. The objection to reading the letter, therefore, was properly overruled.
The decision of the circuit court in refusing to grant a new trial, was, we think, equally correct.
The mere act of nailing up the doors of a house does not retain the possession thereof.
Widdiffe and Breckenridge for complainant, Talbot for defendant.
There is no pretence to say that the verdict was contrary to law or evidence; for the actual possession of the house by the appellee, and the forcible entry and detainer by the appellant, were indisputably proved; and these were the only fact3 which the law requited to enable the appellee to maintain this form of action. Unless, therefore, the circuit court erred in the instructions given to the jury, there could be no reason for granting a new trial; and that there was no error in the instructions giveD to the jury, is manifest. There ¡3 no principle upon which the mere circumstance of nailing up the doors of the house, without any further indication of an intention to use it, could operate to preserve the possession. It might shew an intention that others should not possess it, but it cannot be construed to be a continued possession in the appellant. Without deciding, therefore, whether, if he had been in possession when the appellee entered, it would have availed the appellant in this case, we can have no hesitation in saying the circuit court was correct in refusing the new trial
The judgment must be affirmed with costs.